UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00034-GNS

KENTUCKY OIL AND GAS, INC.                                          PLAINTIFF

v.

RONNIE C. RODGERS; and
R&R PLUS, LLC                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss and for Summary Judgment. (DN 54). Defendants were given additional time to respond (DN 57) but have not filed a response. For the reasons that follow, Plaintiff's motion to dismiss and motion for summary judgment will be **GRANTED**.

### I.   STATEMENT OF FACTS

In February 2013, David Parlons ("Parlons"), as the President and sole Director of Plaintiff Kentucky Oil and Gas, Inc. ("KOG"), traveled to Bowling Green, Kentucky, where he met Defendant Ronnie Rodgers ("Rodgers"). (Compl. ¶¶ 11, 15, DN 1). Rodgers represented himself to Parlons as a successful driller and operator of oil wells in Kentucky and Tennessee, even though Rodgers was, at that time, subject to a temporary restraining order preventing him from selling interests in oil. (Compl. ¶¶ 16-18). Rodgers also made several misrepresentations to Parlons about Rodgers's interest in and the oil production history of several tracts of land. (Compl. ¶¶ 22-24). Relying on these and other misrepresentations, in April 2013, Parlons entered into an agreement with Rodgers who agreed to assign to KOG the oil rights of one tract of land in return for shares of common stock in KOG's parent company, Kentucky Oil and Gas, PLC ("KOG PLC"). (Compl. ¶ 29).

1

Over the next two years, Parlons had KOG transfer $1,148,634.67 to Defendant R&R Plus, LLC ("R&R") based on Rodgers's representations that his company was successfully acquiring the rights to land, drilling, and treating productive oil wells. (Compl. ¶¶ 31-64). In November 2015, Parlons traveled to Bowling Green with a financial advisor and quickly discovered that Rodgers's prior representations to Parlons were not accurate. (Compl. ¶¶ 65-67). Subsequently, Rodgers failed to provide accounting information requested by KOG, and he became increasingly difficult to contact. (Compl. ¶¶ 68-73). KOG ultimately determined that Rodgers had misrepresented the viability of the oil wells and R&R's claimed expenditures. (Compl. ¶¶ 74-75).

KOG initiated this action against Rodgers and R&R ("Defendants") on March 24, 2016, alleging fraud, breach of contract, and unjust enrichment.[1] (Compl. ¶¶ 19-20, 22). On May 17, 2016, Defendants filed their answer, denying most of KOG's allegations and asserting a counterclaim against KOG for misrepresentation. (Answer & Countercl. 4-5, DN 16). On April 30, 2019, KOG moved for summary judgment on its claims and to dismiss Defendants' counterclaim. (Pl.'s Mot. Dismiss, DN 54). The Court granted Defendants additional time to respond to the motion, but no response has been received. (Order, DN 57).

## II.  DISCUSSION

### A.  Motion to Dismiss Defendants' Counterclaim

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

---

[1] The Complaint initially included claims of aiding and abetting fraud, breach of fiduciary duty, and legal malpractice against Barry D. Gilley ("Gilley"). However, Gilley settled with KOG and was dismissed from this action. (Order Dismissal, DN 50).

2

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept "the bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, the party must at least provide "the time, place and contents of the misrepresentation(s) upon which he relied." *Rautu v. U.S. Bank*, 557 F. App'x 411, 414 (6th Cir. 2014) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). Moreover, the party must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal quotation marks omitted) (citation omitted).

KOG moves to dismiss Defendants' counterclaim for misrepresentation, which this Court will interpret as a claim of fraud. As such, the counterclaim must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). Specifically, all that Defendants allege is that KOG prevented them from completing their work and "made gross misrepresentations to the Defendant, Ronnie C. Rodgers, individually and in his capacity as the sole member/manager of R&R Plus, LLC, concerning the amounts of profitable shares he would receive when said company 'went public . . . .'" (Answer & Countercl. 4-5).

It cannot be said that Defendants have pleaded a claim of fraud with particularity as required by Fed. R. Civ. P. 9(b). While they briefly reference the contents of the alleged allegation—that the shares were not as profitable as Rodgers was told—Defendants make no

3

attempt to specify the time, place, or nature of these alleged misrepresentations. Moreover, they have provided no factual allegations that would allow this Court to analyze whether KOG's representations to Rodgers were in fact fraudulent. Rather, Defendants only allege that KOG "made gross misrepresentations" regarding the profitability of certain shares. No description is provided regarding the shares, how reality failed to measure up, or how KOG in any way misled Rodgers in the process. As such, Defendants' counterclaim presents a textbook example of a party relying on a bare assertion of legal conclusions. *See Rautu*, 557 F. App'x at 416 ("Rautu fails to allege the nature of this fraud with sufficient particularity and does not provide any factual details on the substance of the misrepresentations, who made them, when and where they were made, or any other salient facts. Consequently, Rautu's complaint is inadequate to state a claim upon which relief may be granted."). Because Defendants' counterclaim fails to plead the alleged fraud with particularity, it must be dismissed.[2]

### B. Motion for Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment as a matter of law should be granted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp.*

---

[2] Defendants' counterclaim also impermissibly relies on representations regarding speculative future events. The Kentucky Supreme Court has held that such representations rarely amount to actionable fraud. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) ("The misrepresentation, moreover, must relate to a past or present material fact. A mere statement of opinion or prediction may not be the basis of an action. This means, as the Court of Appeals held, that forward-looking opinions about investment prospects or future sales performance such as those involved in this case generally cannot be the basis for a fraud claim.").

4

*v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252

Plaintiff claims, in short, that Rodgers and R&R tricked KOG out of large sums of money for work that they never actually completed. To pull off this ruse, Rodgers made a variety of misrepresentations spanning years. To support its claims for fraud, breach of contract, and unjust enrichment, KOG has provided a plethora of specific information and verifying documentation. Further, the record includes evidence that when the business relationship between Rodgers and Parlons began, Rodgers was subject to a temporary restraining order preventing him from selling interests in oil and gas programs. (Compl. Ex. A, at 1-2, DN 1-2).[3] Next, a Confirmation of Facts, signed by Rodgers, confirmed that R&R received $1,148,634.67 from KOG. (Pl.'s Mot. Summ. J. Ex. A, at 1-3, DN 54-2). Rodgers previously represented, in turn, that this money was

---

[3] The Complaint further alleges that this TRO became a permanent injunction that permanently prevented Rodgers from working in the oil and gas interest business. (Compl. ¶ 18).

all spent for the drilling, completion, and treatment of wells in western Kentucky. (Pl.'s Mot. Summ. J. Ex. C, at 2, DN 54-4). In reality, as reported by the Kentucky Energy and Environment Cabinet after an investigation, the oil wells in question were "improperly abandoned." (Pl.'s Mot. Summ. J. Ex. E, at 1-2, DN 54-6). To further conceal his lack of progress on the oil wells, Rodgers provided counterfeit documentation to bolster his own bogus claims. Most notably, Rogers fabricated an invoice purportedly from J3 Natural Resources for work performed on the oil wells. (Compl. Ex. M, at 2, DN 1-14). J3 Natural Resources has confirmed that it never performed work on the oil wells in question. (Pl.'s Mot. Summ. J. Ex. G, at 2, DN 54-8).[4] KOG has, therefore, met its burden under Fed. R. Civ. P. 56(c).

Finally, neither Rodgers nor R&R have provided any factual allegations to contradict KOG's claims or to undermine the credibility of the documentation that KOG relies on in this motion. Under Fed. R. Civ. P. 56(e), the nonmoving party must designate specific facts that demonstrate the existence of a dispute of material facts, which the non-movant cannot do if no response is filed with the court. *See Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (discussing Fed. R. Civ. P. 56(e)). Defendants' blanket denial of the aforementioned claims is insufficient to defeat a motion for summary judgment. Rather, Defendants must offer *specific* facts, supported by documentation, that demonstrates a genuine dispute of some material fact. They simply have made no attempt to do so. Thus, there is no genuine dispute as to any material fact here and no reasonable juror could find for Defendants.

---

[4] This Court also takes judicial notice of the fact that Rodgers was recently convicted in the United States District Court for the Eastern District of Kentucky for conspiracy to commit mail fraud, wire fraud, and securities fraud. *See United States v. Rodgers*, No. 3:17-CR-00016-GFVT, 2019 WL 4120810, at *1 (E.D. Ky. Aug. 29, 2019).

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Dismiss and for Summary Judgment (DN 54) is **GRANTED**. Defendants' counterclaim (DN 16) is **DISMISSED**, and judgment is granted in favor of Plaintiff Kentucky Oil and Gas, Inc. against Defendants Ronnie Rodgers and R&R Plus, LLC on Plaintiff's claims as to liability only.

2. Within **14 days** from the entry of this Memorandum Opinion and Order, Plaintiff shall submit admissible evidence of damages to the Court and shall mail a copy to Defendants at the addresses shown below. Defendants shall have **14 days** from Plaintiff's submission to file a response.

Greg N. Stivers, Chief Judge
United States District Court

October 3, 2019

cc:    counsel of record
      R&R Plus, LLC, *pro se*
      Ronnie C. Rodgers (No. 21811-032), *pro se*, FCI Forrest City Low, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 9000, FORREST CITY, AR 72336