UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00034-GNS

KENTUCKY OIL AND GAS, INC.                                          PLAINTIFF

v.

RONNIE C. RODGERS; and
R&R PLUS, LLC                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Filing of Evidence of Damages (DN 62) as

directed by the Court's Memorandum Opinion and Order Granting Summary Judgment (DN 58).

For the reasons that follow, the Court awards Plaintiff damages in the amount of $1,148,634.67.

## I.       BACKGROUND

The relevant facts were thoroughly analyzed in the Court's Memorandum Opinion and

Order granting summary judgment in favor of Plaintiff Kentucky Oil and Gas, Inc. ("KOG").

(Mem. Op. & Order. 1, DN 58).  In short, KOG initiated this suit against Defendants Ronnie C.

Rodgers ("Rodgers") and R&R Plus, Inc. ("R&R") (collectively "Defendants") asserting claims

for fraud, breach of contract, and unjust enrichment.  (Compl. ¶¶ 19-20, 22, DN 1).  KOG claimed

that its President and sole Director, David Parlons ("Parlons"), had KOG transfer $1,148,634.67 to

R&R based on Rodgers's representations that R&R was successfully acquiring the rights to land,

drilling, and treating productive oil wells.  (Compl. ¶¶ 31-64).  KOG ultimately learned that Rodgers

had misrepresented the viability of the oil wells and R&R's claimed expenditures in purportedly

digging and treating those wells.  (Compl. ¶¶ 74-75).

On October 4, 2019, the Court granted summary judgment in favor of KOG and directed

it to submit admissible evidence of damages.  (Mem. Op. & Order 7).  On November 9, 2019,

KOG filed evidence of its damages. (Pl.'s Notice Filing Damages Evid., DN 62). Defendants have not responded.

## II.  DISCUSSION

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). When state substantive law governs a claim for relief, that state's law and decisions guide the allowable damages. *Id*. at 437 (citations omitted). In Kentucky, "[t]he fundamental rule in assessing damages for fraud is that the victim of fraud is entitled to compensation for every wrong which was the natural and proximate result of the fraud." *KSA Enters., Inc. v. Branch Banking & Tr. Co*., No. 5:14-CV-00182, 2015 WL 5611655, at *6 (W.D. Ky. Sept. 23, 2015), *aff'd*, 761 F. App'x 456 (6th Cir. 2019) (citing *Sanders, Inc. v. Chesmotel Lodge, Inc*., 300 S.W.2d 239, 241 (Ky. 1957)).

KOG claims that the Defendants' conduct resulted in damages in the amount of $1,148,634.67. (Parlons Decl. 1, DN 62). As proof of this claimed amount, KOG attaches the victim statement submitted by Parlons on KOG's behalf in a federal criminal case against Rodgers, styled *United States v. Rodgers*, No. 3:17-CR-0016-GFVT (E.D. Ky. 2019), reflecting $514,666.67 in checks made out to Rodgers and his attorney. (Parlons Decl. Ex. A, DN 62). KOG also attaches a Confirmation of Facts, signed by Rodgers and notarized on November 9, 2015, in which Rodgers acknowledges receiving the total sum of $1,148,634.67. (Parlons Decl. Ex. B, DN 62).

It is presently uncontested that Defendants' conduct induced KOG to turn over some $1,148,634.67 to KOG for the aforementioned oil well operations. There is no indication that KOG reaped any reward for its investment or was otherwise paid back the money that it provided to Defendants. Moreover, this case does not involve complicated issues of the foreseeability of

lost profits or other consequential damages. KOG's motion does not request prejudgment interest; rather, KOG simply seeks the return of its funds paid to Defendants. Based on Rodgers's certification that he and his company received $1,148,634.67 from KOG and the Court's prior ruling granting summary judgment for KOG on Defendants' fraudulent conduct with regards to that investment, KOG has established that its loss was "the natural and proximate result of the fraud." Therefore, KOG is entitled to the return of the sum of $1,148,634.67.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff is awarded damages against Defendants in the amount of $1,148,634.67, plus postjudgment interest pursuant to 28 U.S.C. § 1961.

Greg N. Stivers, Chief Judge

United States District Court

December 2, 2019

cc:    counsel of record
R&R Plus, LLC, *pro se*
Ronnie C. Rodgers (No. 21811-032), *pro se*, FCI Forrest City Low, FEDERAL
CORRECTIONAL INSTITUTION, P.O. BOX 9000, FORREST CITY, AR
72336